BOGLE et al. v. UNITED STATES.

(Circuit Court, S. D. New York. November 13, 1909.)

No. 5,070.

1. CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—MARMALADE—"JELLY"—"SWEET-MEATS AND PRESERVED FRUITS."

Marmalade is dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), relating to "sweetmeats and preserved fruits," rather than as "jelly," under the same paragraph.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 75; Dec. Dig. § 30.*]

2. CUSTOMS DUTIES (§ 30*)—BERRY JAMS—"JELLY"—"EDIBLE FRUITS PREPARED."

Berry jams are dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), as sweetmeats or preserved fruits, rather than as "jelly" under the same paragraph, or as "edible fruits prepared," under paragraph 262, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 75; Dec. Dig. § 30.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, which is reported as G. A. 6,668 (T. D. 28,428), affirmed the assessment of duty by the collector of customs at the port of New York on importations by Bogle & Scott and John Duncan's Sons. The board's opinion reads as follows:

WAITE, General Appraiser. The merchandise in question in these cases consists of marmalade and berry jams. The marmalade is made from the bitter orange, and includes the juice, ground skin, and pulp of the orange, with sugar added, giving it the consistency of the well-known commodity of marmalade. It was returned by the appraiser as sweetmeats, and assessed for duty under the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), for "comfits, sweetmeats, and fruits preserved in sugar," at 1 cent per pound and 35 per cent. ad valorem. Protestants claim it is assessable as a jelly under the same paragraph, thereby aiming to save one cent a pound, as jellies are dutiable at 35 per cent. ad valorem.

Considerable testimony has been taken, and we think it clearly appears from the statements of men who have been long in the trade that the true jelly, such as is intended to be covered by the provision in said paragraph, consists merely of the juice of the fruit, mixed with sugar, the same being cooked together to bring it to the right taste and consistency. The marmalade here in question does not correspond to this description, but is rather a sweetmeat, or fruit preserved in sugar. What was said by the Board in the Hayes Case, G. A. 5,935 (T. D. 26,069), may be appropriately quoted here: "The fact that fruit has lost its original form has been held to be no obstacle to its assessment as fruit preserved, under paragraph 263; and fruit reduced to pulp, even without added sugar or other preservative than its own juice, has always been placed thereunder. Thus, prunes boiled in water and pressed through a colander, without the addition of sugar, gelatin, or other material, were held dutiable as 'fruits preserved in their own juices,' rather than as 'jellies,' in U. S. v. Rosenstein [C. C.] 90 Fed. 801. Orange pulp, raspberry pulp, and date paste have all found a like classification. In re Sheldon, G. A. 4,479 (T. D. 22,436); In re Curtice, G. A. 5,205 (T. D. 23,987); In re Grubnau, G. A. 5,490 (T. D. 24,806). Where, by the addition of sugar, the thing becomes a sweetmeat, its classification under paragraph 263 is unassailable."

The commodity described as berry jams was assessed under the provision in paragraph 263 for "sweetmeats and fruits preserved in sugar." It is claimed to be dutiable under the same paragraph as a jelly, either directly or by similitude, or at the rate of 2 cents per pound under the provision in paragraph 262, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), for "apples, peaches, pears and other edible fruits, including berries, when dried, desiccated, evaporated or prepared in any manner, not specially provided for." As to the claim that it is a jelly, we think, from the description and definition of jelly adopted above, that this contention cannot be sustained. As to the claim under paragraph 262, we are of the opinion that these jams are more specificially described and provided for in paragraph 263 as "sweetmeats and fruits preserved in sugar."

Several other claims are made in the protests; but, being satisfied that these goods should be assessed as above indicated, we do not deem it necessary to discuss any further contentions made. All claims in the protests are therefore overruled, and the assessments of the collector will be sustained.

B. A. Levett, for importers.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Thomas M. Lane, of counsel), for the United States.

PLATT, District Judge. The merchandise in question consists of marmalade and berry jams. The marmalade was assessed for duty under the provision in paragraph 263, Tariff Act of 1897, for "com-

fits, sweetmeats, and fruits preserved in sugar," at 1 cent per pound and 35 per cent. ad valorem. The importers claim that it is properly dutiable as a jelly, under the same paragraph, at only 35 per cent. ad valorem.

The article described as berry jams was also assessed for duty under said paragraph 263 as sweetmeats or fruits preserved in sugar, and is claimed by the importers to be dutiable under the same paragraph as a jelly, either directly or by similitude, or at the rate of 2 cents per pound under the provision in paragraph 262 for "apples, peaches, pears and other edible fruits, including berries, when dried, desiccated, evaporated or prepared in any manner, not specially provided for."

Affirmed on the opinion of the Board.